[Seal:] Republic of El Salvador
in Central America
Office of the Clerk
Constitutional Chamber
Supreme Court of Justice
Fax 281-0781

[Seal:] Jorge Enrique
Mendez Palomo – Notary
Republic of El Salvador

[Seal:] Judicial Organ
Republic of El Salvador

**NOTICES**
**CONSTITUTIONAL CHAMBER**

**TO ATTORNEY ROBERTO ROMERO PINEDA, AGENT OF McDONALD'S CORPORATION**.

**BE IT KNOWN:** that in the process of Constitutional Protection number 161-2010, the Constitutional Chamber of the Supreme Court dated October 8, 2010, has issued the following RESOLUTION, which STATES:

**Constitutional Chamber of the Supreme Court**: San Salvador, at eight twenty three a.m. on October 8th, two thousand ten

On receipt of the petition for Protection signed by lawyer Roberto Romero Pineda, as representative of "McDonald's Corporation", against the proceedings of the Second Chamber of the First Section of the Center and the Civil Division of the Supreme Court Justice, along with the documents listed on the reverse of page 27 of this file.

On the records, the writ signed by the attorneys José Arnulfo Hernández Lemus and César Roberto Trujillo Menéndez. As representatives of the corporation Servipronto de El Salvador, Sociedad Anónima, along with the documents listed on the reverse of page 76. Through this writ, the foregoing professionals request authorization to intervene in this process in the acting capacity referred to above; are allowed to access this case for their study, and are provided with a simple copy of the lawsuit filed or, otherwise issue a certification thereof.

On the records, the instrument signed by attorney César Robert Trujillo Menéndez, acting in the capacity referred to above, listing the telephone numbers of his office, for localization purposes.

After reviewing the Protection Petition filed and the foregoing writs, it is necessary to consider the following:

I. To sum up, attorney Romero Pineda states that the corporation Servipronto de El Salvador, Sociedad Anónima, filed a lawsuit for summary commercial proceedings to claim and settle damages and losses, and contract compliance against "McDonald's Corporation" before the Fourth Commercial Court of San Salvador. He affirmed that the final sentence for said process, which was issued on May 11, 1999, among other things, dismissed the claim filed.

He also stated that the corporation Servipronto de El Salvador, Sociedad Anónima, filed an appeal against the sentence at the Second Civil Chamber of the First Section of the Center, Court which confirmed the sentence issued by the Fourth Commercial Court of this city, by means of the ruling dated January 18, 2000.

However, he states that the company filed a cassation appeal against the court order before the Civil Chamber of the Supreme Court, authority which declared the nullity of this, and all proceedings

1

subsequent to the decision issued for the appeal, dated June 25, 1999. Furthermore, the Chamber was also ordered to admit the petition to receive evidence filed by the plaintiff in this process.

In this regard, he points out that the Second Civil Chamber of the First Section Center complied with the orders of the Civil Division of the Supreme Court, because it ordered the opening of the period allowed for producing evidence, in which some forms of evidence were admitted contravening certain legal provisions, as stated, and based on them, issued the final decision dated December 6, 2005, which, among other things, declares as renewed the franchise agreement signed between the corporation Servipronto de El Salvador, Sociedad Anónima, and "McDonald's Corporation", for a period of twenty years from January 1, 1996 to January 1, 2016. Similarly, such ruling considered that the aforementioned contractual relationship was unilaterally and unjustifiably terminated by "McDonald's Corporation" as of July 1, 1996, and the latter was sentenced to pay Servipronto de El Salvador, Sociedad Anónima, compensation for damages and losses.

With regard to the above, he says that during the trial proceedings its principal invoked certain circumstances that were not addressed by the defendant Chamber, because that authority failed to rule on the allegations on which it was intended to demonstrate the ineffectiveness of expert evidence and the existence of *res judicata* in the specific case.

He also argues that the Chamber failed to state the reasons of fact and law on which it based its final decision, since it did not disclose, among other things, the reasons for having admitted and given probative value to certain elements that were incorporated into the process.

Therefore, the attorney for the plaintiff states that he filed a cassation appealed before the Civil Chamber of the Supreme Court against the ruling issued by the mentioned Chamber, means of challenge that culminated in the issuance of the ruling dated June 17, 2009, in which the latter made a decision in respect of the allegations concerning the possible breach of Article 1429 of the Civil Code. However, he argues that such sentence is contradictory and that is not properly motivated.

In addition, he states that he petitioned for the explanation of the decision handed down on the appeal in relation to certain aspects of the same, which were cleared by resolution dated February 16, 2010.

Lastly, he indicates that on October 30, 2009, his client petitioned for the declaration of nullity of the sentence issued by the Civil Division of the Supreme Court before the same Court, because in his opinion, the ruling was issued against the express and strict law, was not legally authorized and moreover, the vote in disagreement of Judge Mirna Antonieta Perla was not reported until notice of the sentence had been given. However, such petition was dismissed by resolution dated February 16, 2010.

[Seal:] Jorge Enrique
Mendez Palomo – Notary
Republic of El Salvador

By virtue of the foregoing, he states that he is making a claim against the following actions: the final sentence issued on December 6, 2005 by the Second Civil Chamber of the First Section Center, through which such authority decided on the appeal filed by Servipronto de El Salvador, Sociedad Anónima, against the decision issued by the Fourth Commercial Judge of San Salvador on May 11, 1999, sentence in which, among other things, the mentioned Chamber declares as renewed the franchise agreement signed between the corporation Servipronto de El Salvador, Sociedad Anónima, and "McDonald's Corporation", for a period of twenty years from January 1, 1996 to January 1, 2016. Similarly, such ruling considered that the aforementioned contractual relationship was unilaterally and unjustifiably terminated by "McDonald's Corporation" as of July 1, 1996, and the latter was sentenced to pay Servipronto de El Salvador, Sociedad Anónima, compensation for damages and losses; *(b)* the final sentence issued on June 17, 2009 by the Civil Chamber of the Supreme Court, denying the petition for appeal filed against the ruling of the Second Civil Chamber of the First Section Center detailed above, for which it was alleged breach of Article 1429 of the Civil Code; and *(c)* the interlocutory issued on February 16, 2010 by the Civil Chamber of the Supreme Court, which dismissed the petition for annulment made by his principal, in relation to the decision that resolved the appeal raised.

Such orders are considered a violation of the principle of prohibition of double jeopardy, as well as the constitutional rights to legal security, property, defense, natural judge, and jurisdictional protection, - the latter in their specific expression of the rights to provide evidence, access to challenge means, as well as the motivation and consistency of decisions - of "McDonald's Corporation".

II. Having stated the foregoing, the possibility of knowing about the violations alleged by the attorney for the plaintiff will be evaluated, and to such end, the legal basis for the resolution provided (*I*) will be presented, and then the admissibility of the claim of protection with regard to some of the points that have been raised (2), will be analyzed.

*I. A.* This Court has held in the interlocutory decision dated January 27, 2009, for the protection proceedings reference 795-2006, that this constitutional process seeks jurisdictional protection for the litigant against any act of the authority deemed unconstitutional which specifically violates or obstructs the exercise of constitutional rights enshrined in its favor.

In that sense, in order to admit the claim for protection in *limine litis*, it is necessary, among other requirements, that the perpetrator applies diffuse or specific self-attributions to his legal rights arising from the existence of an alleged action or omission, which in general terms of constitutional jurisprudence

has simply been called "grievance". The requirements of this grievance are that it occurs in relation to standards or rules of a constitutional - legal element - and it generates a diffuse or specific effect on the legal rights of the litigants - material element.

From this perspective, it has been argued that there is no constitutional tort when the alleged act or omission is nonexistent or, notwithstanding the actual existence of an act or omission by the authority who is charged with the responsibility, such act is legitimate and has been performed within the constitutional framework, or is unable to produce by itself an affront within the constitutional legal framework that governs the plaintiff.

Consequently, if the actor's claim for protection does not include the foregoing items, there is no constitutional tort and the claim must be rejected because there it is absolutely impossible to judge the case from this within this framework.

*B.* Moreover, as stated in the resolutions of May 12, 2003 and February 5, 2004, issued for the protections proceedings classified under reference numbers 217-2003 and 32-2004, respectively, in these processes the factual claims of the plaintiff must essentially prove that the proposed claim has constitutional significance, that is, must demonstrate the probable violation of fundamental rights.

Conversely, if such claims are reduced to approach purely judicial or administrative issues involving the mere disagreement with the actions or the content of decisions made by authorities within their respective jurisdictions, the issue submitted to this Tribunal is *a matter of mere legality*, which translates into a claim vice which prevents its trial proceedings.

In other words, the complaint brought to the constitutional jurisdiction should be presented and substantiated as a possible violation of constitutional rights arising from the act whose control is requested, as the proposal of a own unique framework of legality, limited to the hearing and decision of the ordinary authorities, represents a defect in the cause of action under the claim of protection, that results in the impossibility of judging from a constitutional point of view.

In that same train of thought, it has been affirmed in the interlocutory dated December 18, 2009, issued for the protection proceedings with reference 512-2009, that if the facts related to the constitutional claim of protection only consists of a simple disagreement with the actions taken by a judicial or administrative authority, the latter must be rejected because it is absolutely impossible to judge the case from a constitutional perspective.

[Seal:] Jorge Enrique
Mendez Palomo – Notary
Republic of El Salvador

And, to decide on the issues raised in the claim when there is a clear constitutional lack of grounds, would mean to invade the realm of legality, forcing this Court to review from that perspective the actions of officials or authorities that act within their powers, something which is not of its cognizance. This situation motivates the rejection of the claim for protection by considering it inappropriate, due to lack of objective jurisdiction over the alleged assumption.

2. Together with the foregoing, the possibility of knowing some of the aspects that are controlled by this Court will be evaluated:

A. a) First, the lawyer Roberto Romero Pineda considers that the legal rights to security, ownership, defense, presentation of evidence, and jurisdictional protection, have been violated;  the latter in the express manifestation of the specific right of his sponsor to motivate the judicial resolutions, because, as he notes, the Second Civil Chamber of the First Section Center granted full value as evidence, to the photocopies of the private documents dated April 27, 1994 and July 1, 1996, which were the means of proof required to testify against his principal, without having been given the opportunity of rebuking their falsity and without the defendant authority having expressed the grounds on which it equated these photocopies with its originals.

Similarly, the attorney for the plaintiffs invokes as violated the legal rights to security, ownership, presentation of evidence, and jurisdictional protection, the latter in the express manifestation of the specific right to motivate the judicial resolutions of his client, because, apparently, the Second Civil Chamber of the First Section Center, to determine damages for Servipronto de El Salvador, conferred probative value to some assessments made to some balance sheets of the corporation Servipronto de El Salvador, which had yet to be registered at the Commercial Register, and used as evidence the balance sheets and copies of leases that were not recorded in the respective Registry.

In addition, the defendant argues that the authority failed to provide reasons why it considered that such balances met the legal requirements to make the expert opinion, or replied the allegations made by his principal through the writs filed on October 31, 2005 and November 10, 2005, which consisted of stating that the results of the assessment had no probative value, because it had not been made on balance sheets registered at the Register of Commerce.

b) With regard to such arguments, it is noted that while the aforementioned professional states that certain fundamental rights of the claimant company have been transgressed, from his arguments it can be inferred, that, in essence, he is simply dissatisfied with the assessment that the Second Civil

Chamber of the First Section Center performed on certain types of evidence incorporated to the commercial proceedings to claim and settle damages and losses, and contract compliance.

In that sense, it must be noted that it is not the responsibility of this Chamber to verify if it was relevant - in accordance with the provisions of the infra-constitutional rules - to grant probative value to some photocopies of private documents, nor does it responsibility or check whether certain evidence that was presented in the commercial process - such as the expert opinion of the balance sheets and photocopies of the leases listed by the attorney for the plaintiffs - met the legal requirements to be admitted as evidence in the original claim and be subsequently assessed.

It should be added that although the attorney of the plaintiff corporation argues that the Second Civil Chamber of the First Section Center did not make any statement pertaining to the allegation of ineffectiveness of the expert evidence - as mentioned, in letters dated October 31, 2005 and November 10, 2005 - it can be implied from his assertions, that he is simply dissatisfied with the consideration that the defendant authority gave to such probative means, because his allegations of unconstitutionality are directed to reveal that, in his opinion, the balance sheets used for the referenced expert evaluation, did not meet the legal requirements to have value before third parties.

Similarly, although the defendant organ alleged that it did not state the reasons for which it admitted and conferred probative value to the photocopies of the private documents dated April 27, 1994 and July 1, 1996, as well as balance sheets and photocopies of the leases that were not on the registered at the Registry, by reading the claim and from the certified copy of the contested decision. - dated December 6, 2005 - it is implied that the intention is to review whether the referenced documents met the requirements that govern the secondary legislation to be admitted and if such elements were evaluated in the original claim.

In that order, we must clarify that, according to the jurisprudence of this Court - for example the interlocutory dated January 25, 2008, and August 11, 2008, issued for the proceedings with references 732-2007 and 338-2008-, it has been established that the assessment of the evidence presented in different probative means to the jurisdiction or administrative tribunal is an activity which is solely conducted by those officials or authorities hearing a case submitted for their decision and, therefore, this Chamber is unable to make estimates regarding the evidence to justify decisions provided by the different officials or authorities acting within their respective jurisdictions.

[Seal:] Jorge Enrique
Mendez Palomo – Notary
Republic of El Salvador

Consequently, it is not the function of this Court to examine the evidence assessment activities conducted by the defendant authorities or to determine if the evidence is incorporated in the commercial proceedings filed against the claimant corporation complied with the eligibility requirements governing the relevant procedural rules, that is, if they met the rules to assess the elements  mentioned in the original claim, as this would imply invading the jurisdiction that the infra-constitutional rules have entrusted to other authorities.

Therefore a possible infringement of the rights to legal security, property, defense, to provide evidence and judicial protection, is not inferred, the latter in the specific manifestations of the matching congruency principle and the right to motivate judicial decisions, alleged by the attorney for the plaintiff corporation but, on the contrary, just a disagreement with the assessment made by the Defendant Chamber with regard to the elements used to demonstrate the extremes of the claim originally filed,  an aspect that is within the legal framework of action of that body, which cannot be invaded by this Court.

*B. a)* On the other hand, the lawyer Romero Pineda said that the legal rights to security, property and judicial protection of his client have been violated, the latter in the specific expression of the right to have grounds on the judicial resolutions, because the defendant authorities allegedly failed to present the considerations for the case to establish the type of liability attributable to his principal to quantify the damages and losses which it was sentenced to pay, because, according to the nature of the contract,  it was not determined if the responsibility of the latter arose from a negligent or unlawful act.

Similarly, he argues that the ruling of the Civil Division of the Supreme Court is not clear and is contradictory, since it first expressed that he did not attend a budget to the substance of the matter - since this Court held that it had been applied Article 42 paragraph two of the Civil Code and therefore could not be analyzed in the case if it had failed to implement the article 1429 of that body - but then the Room stated that the Second Chamber of the First Section of the Center had not sentenced to more than they should in their sentence or committed the alleged defect and therefore, proceeded to ratify the actions taken by the latter.

*b)* In this regard, from reading of the notarized contested resolutions, it appears that, in essence, the Second Civil Chamber of the First Section of the Center explained the minimum and necessary grounds it considered to declare the existence of damages caused to the corporation Servipronto de  El Salvador, as a result of the unilateral termination of the franchise contract, by "McDonald's corporation",

and consequently, proceeded to sentence the latter to pay a certain amount of money by way for damages and losses based on the evidence attesting the facts - resulting from the unilateral termination of the contract - which were alleged in the commercial proceedings by the corporation Servipronto de El Salvador, Sociedad Anónima.

In that sense, the affirmations of the plaintiff's attorney did not provide evidence that the defendant authority caused a grievance of constitutional significance to the plaintiff corporation, since the latter presented the relevant considerations to establish the liability attributable to its principal and, thus proceed to quantify the damages and losses that it was sentenced to pay based on the factual circumstances and the evidence provided by the parties.

Similarly, it is noted that the Civil Division of the Supreme Court exteriorized the basic grounds by which it considered that the second paragraph of Article 42 of the Civil Code was not applied by the Chamber, since, in the opinion of the Chamber, the issue originally discussed does not make reference to a third party business, but of a franchise contract between the two Contracting Parties shall – "McDonald's Corporation", and Servipronto de El Salvador, Sociedad Anónima, and therefore, it implied the existence of the contractual liability of the first, on account of the diligence expected to be employed in their own business.

Moreover, the Court of Appeals explained in its resolution that it would not analyze the particular case, if Article 1429 of the Civil Code had not been applied, because it was not mentioned that paragraph second of Article 42 of that body of law had been applied, which as mentioned in the contested decision, was a requirement to violate the law - that is, the provision pointed out as having been "falsely applied" has been really applied by the judge.

It cannot be implied from the above that the Civil Division of the Supreme Court of Justice has determined that a presumption of hearing the entire issue was inadmissible - as affirmed by the attorney for the plaintiff - but that authority expressed the reasons why it considered that the vice of violation of law alleged did not exist, as it considered that prior to determining whether Article 1429 of the Civil Code was applicable to the particular case, it was necessary to determine whether the second paragraph of Article 42 of the Civil Code was applied by the Defendant Chamber.

In this manner, the Civil Division of the Supreme Court of Justice determined that the vice indicated by the defendant in the commercial proceedings had not been incurred in, and believed that "McDonald's Corporation" was responsible for damages incurred as a result of a breach of contractual relations, not because malice could be attributed, but because the contract and its extensions were issues of concern to both parties, these having the ability to anticipate the effects of noncompliance.

8

[Seal:] Jorge Enrique
Mendez Palomo – Notary
Republic of El Salvador

On that same train of thought, it should be noted that according to the constitutional case-law - e.g. the decision dated April 30, 2010 - issued for the protection proceedings reference 308-2008 - the aim of the motivations of the judicial resolutions is to provide an explanation of the reasons that objectively lead the authority to decide in a certain way, and a justifiable reflective judgment on the applicable legal regulations, consequently, it is not necessary that the grounds are extensive or exhaustive, but only enough so that the latter can be specific and clear.

In this case, by reading the challenged statements, the grounds on which the Second Civil Chamber of the First Section of the Center had to sentence "McDonald's Corporation", to pay the corporation Servipronto de El Salvador, Sociedad Anónima, a certain amount of money in compensation for damages caused to the latter following the unilateral termination of the franchise agreement signed by both entities, can be inferred. Similarly, it is noted that the Civil Division of the Supreme Court explained the reasoning for which the appeal of the sentence for the alleged lack of application of Article 1429 of the Civil Code and the presumed false application of the second paragraph of Article 42 of that normative body, was declared inadmissible.

Therefore it is construed that, in essence, the attorney for the plaintiff corporation is simply unhappy with the content of the contested decisions, since in these the basic reasoning in which the sentence for patrimonial damages and losses against his client were determined, and further warranted that there had been no breach of the infra-constitutional rules, as had been alleged.

C. a) On the other hand, lawyer Roberto Romero Pineda states that the Second Chamber of the First Section of the Center has violated, among others, "McDonald's Corporation's" right of access to means of challenge because the final sentence that was issued for the appeal lacked grounds, so in their opinion, the initiation of the recourse of appeal was hindered.

In that sense, he argues that his principal was unaware of the elements of fact and law by which the authority admitted as evidence a photocopy of a private instrument, which subsequently was used to declare that the franchise agreement signed between the principal and Servipronto de El Salvador, Sociedad Anónima, was in effect, and sentenced the latter to pay for damages and losses.

Similarly, he affirms that access to the means of challenge was not possible, because the Defendant Chamber stated in its resolution the grounds for which it considered some accounting balances

were suitable for an expert assessment, taking into consideration that these did not meet the legal requirements for being recorded at the Registry.

He also argues that this collegial body also affected his client's right to appeal, as it failed to explain in its decision whether the conduct attributed to his client was malicious or negligent, the type of responsibility that he had, and the linking of the amounts that were used with the type of behavior attributed to his principal, to quantify the damages that "McDonald's Corporation" allegedly caused Servipronto de El Salvador, Sociedad Anónima.

*b)* In that regard, from the allegations raised by the attorney for the plaintiff in his claims, it is not possible to identify the harm that the alleged lack of grounds for the issues outlined above would result in the right of access to means of challenge, as from reading the claim and documentation added herein, it is noted that "McDonald's Corporation" actually exercised the legal recourse provided by law against the sentence issued by the Defendant Chamber.

And it is precisely that two of the acts that have been challenged before this Court were produced by the Civil Division of the Supreme Court as a result of the appeal that was filed against the decision handed down for the appeal.

In that sense, it is worth noting that although the jurisprudence of this Court – for instance the sentence issued in the protection proceedings with reference 663-2005, dated January 10, 2007 - has established that the grounds of the resolutions *allows litigants* to know the reason of the same, and *control the jurisdictional activity through the challenging means*, this does automatically imply that the absence of grounds of an order causes the violation of the right of access to resources.

In the case brought to the attention of this Court, we see that the arguments made by the attorney for the plaintiffs fail to highlight that there has been a particular hindrance to make use of the means of challenge pursuant to law or this has been denied as a result of the alleged lack of grounds.

Likewise, it is observed that the invocation of the alleged violation of the right of access to the remedies made in the lawsuit has no connection with the factual elements of the claim filed, because what the interested party intends is that this venue controls the alleged failure to substantiate certain aspects of the sentence handed down by the defendant Chamber, a situation that would not imply an alleged affectation of the mentioned right, but of the one related to the grounds for

[Seal:] Jorge Enrique
Mendez Palomo – Notary
Republic of El Salvador

the resolutions, which have also been cited as violated in the writ of the claim.

Therefore, the case raised does not show evidence of situations leading to the conclusion of potential effect on the right to access the means of challenge, as a concrete expression of the right to judicial protection - referred to in Article 2 of the Constitution - and because of the absence of constitutional grievance, the claim should be rejected because there is an absolute inability to judge the case from this scope, and consequently, it is appropriate to declare the inadmissibility of the petition for protection regarding the alleged violation of that right.

*D. a)* In another train of thought, lawyer Romero Pineda states to claim against the interlocutory issued on February 16, 2010 by the Civil Chamber of the Supreme Court, which declared inadmissible the petition made by "Mc Donald's Corporation" regarding the declaration of nullity of the decision that resolved the appeal filed, as it is considered that such sentence threatens the right to legal security, natural judge and grounds for court resolutions, the latter as a specific expression of his client's right to judicial protection.

He specifically states that such declaration of nullity was requested before the Civil Chamber because the latter was initially unable to issue a sentence on the appeal raised due to the existence of a vote of disagreement raised by Judge Mirna Antonieta Perla Jimenez which was not favorable to his client, which grounds, he asserts, were not informed at that time.

He also states that his client was notified promptly of the majority position of the Judges who make up this Court and not of the sustained grounds in the aforementioned vote in discord; as such an act of communication was made approximately nine months after this discrepancy was raised, when the final sentence was issued.

In that sense, he claims that the rights to grounds on a judicial decision and to a natural judge of his client have been violated, since he considers that the mere statement of disagreement made by a Judge in relation to the majority position was enough to initiate the proceedings to summon new judges, that is to say, to modify the integration of the court of appeal.

Following this line of thought, he affirms that his client was not able to verify if there was "actually" a disagreement since she was only told of its existence and was not allowed to intervene in the summoning proceedings of the new Judges - as thus having no knowledge about the grounds of the disagreement, his client did not know what position to assume.

11

In addition, he assures that this lack of motivation generated legal uncertainty in his client, because she was not able to know on a timely basis the justification for the vote of disagreement, had no certainty that this was according to the law or that it had been reasonably applied, and lastly, she was unable to participate in the procedure that created the issued sentence.

*b)* Now then, it should be noted that while the attorney for the plaintiff asserts that his client was initially notified of the position of most members of the Civil Chamber of the Supreme Court of Justice and was informed that only a Judge voted in disagreement, without having her reasoning, it is not observed that this situation has had a specific constitutional effect on the legal rights of the defendant.

In this regard, it is pertinent to note that despite the fact that the aforementioned professional ensures the ignorance of the content of the vote of the dissenting judge at the time when an initial attempted to issue the final sentence which prevented the client from "effectively" knowing there was a discord and the reason for it, was made, the reasons to claim that this harmed their constitutional rights is not clear, since from the arguments, it follows that he was indeed informed about this discrepancy and therefore the proceedings to change the court's subjective integration would being, so that the corresponding ruling could be subsequently issued.

In this sense, while the above mentioned professional affirms that the client was unable to timely know the justifications for the vote in discord and, because of this, there was no certainty that it was done according to the law,  or that it was applied fairly, it does not appear that it caused an effective grievance to the legal rights of the plaintiff company, as the incident of appeal was in the process of deliberation of sentencing, and therefore, it was only necessary that the parties knew about the discord with the purpose of changing the composition of the Civil Division.

A three-judge Court cannot let the parties know the precise content of the vote, projects or considerations made by the members in the deliberation stage of the sentence, as there, the issues which are subject to trial are raised, discussed and decided upon, taking into consideration that the parties have had the corresponding opportunities within the proceedings to argue and provide the evidence they deem relevant. Consequently, in this state of a process it is only necessary that the participants become aware of the existence of discrepancies so that they can have a chance to use the appropriate procedural mechanisms to highlight any defect or circumstance that prevents one of the Judges appointed to resolve

[Seal:] Jorge Enrique
Mendez Palomo – Notary
Republic of El Salvador

such discord from hearing the specific case, because of some connection with the parties or the subject of the proceedings.

At this point, it should be noted that despite the fact that lawyer Romero Pineda affirms that at the time the discord was raised, he didn't have access to the motivation of the dissent vote and therefore wasn't able to intervene in the summoning proceedings of the new Judges appointed and in creating the ruling issued, he does not argue that he was unable to challenge any of the latter, if in any case there was any reason to disable them from knowing the specific case, a situation which could have implied the existence of actual effect on the rights to a natural judge and legal security.

From this perspective, it is not observed that the interlocutory resolution which declared the nullity of the ruling issued for the appeal has caused a grievance of constitutional significance, since the alleged lack of motivation of the vote in discord at the time it was raised would have been unable to produce in itself an affront to the constitutional rights of the plaintiff. Therefore, it is appropriate to declare the inadmissibility of the petition of protection as to the possible infringement of the rights to legal security, motivation of judicial decisions and natural judge - referred to in Articles 2 and 15 of the Constitution - that the above professional invokes regarding the aforementioned act.

III. Having a clear understanding of the foregoing, it should be noted that the admission of the claim shall be limited to the control of the constitutionality of the following actions: (a) the final sentence issued on December 6, 2005,  by the Second Chamber of the First Section of the Center, through which such authority decided on the appeal filed by Servipronto de El Salvador, Sociedad Anónima, against the decision issued by the Fourth Commercial Judge of San Salvador on May 11, 1999, sentence in which, among other things, the mentioned Chamber declares as renewed the franchise agreement signed between the corporations Servipronto de El Salvador, Sociedad Anónima, and "McDonald's Corporation", for a period of twenty years from January 1, 1996 to January 1, 2016. Similarly, such ruling considered that the aforementioned contractual relationship was unilaterally and unjustifiably terminated by "McDonald's Corporation" as of July 1, 1996, and the latter was sentenced to pay Servipronto de El Salvador, Sociedad Anónima, compensation for damages and losses, and *(b)* the final sentence issued on June 17, 2009 by the Civil Chamber of the Supreme Court, denying the petition for appeal filed against the ruling of the Second Civil Chamber of the First Section Center detailed above, for which it was an alleged breach of Article 1429 of the Civil Code.

Such rulings, according to lawyer Romero Pineda are a violation of the principles of double jeopardy prohibition and consistency, the latter as a specific expression of "McDonald's Corporation's"

right to judicial protection, as well as its rights to legal security and ownership - as established in Articles 2 and 11 of the Constitution - because the defendant Chamber stated that the franchise agreement signed between his client and the corporation Servipronto de El Salvador, Sociedad Anónima, was renewed for a period of twenty years from January 1, 1996 until January 1, 2016, although this point, as alleged by the aforementioned professional, had already been heard previously and decided by the Fifth Commercial Judge of San Salvador in another process, in which he issued a sentence on the possible extension of the contract before determining the existence of the unfair competition acts which were attributed to the corporation Servipronto de El Salvador, Sociedad Anónima.

In that sense, the cited professional says that there was res judicata with respect to the subject of the claim filed in the commercial summary process to claim and settle damages and losses and contract compliance. He also affirms that the situation was not resolved by that Chamber; however it was argued by his client through the writs filed on October 31, 2005 and November 10, 2005.

**IV.** Having viewed the terms under which the claim filed will be admitted, this section shall examine the possibility of ordering a preventive measure for this protection.

*1.* First, it is necessary to note that the suspension of the effects of the contested act falls within the category of the protective measures which purpose is to prevent any acts that, in any way, prevent the effective resolution of the claim, this is done through an impact on the defendant's legal interests, or even those of whoever is benefited from the claimed act.

Regarding this, it is necessary to say that to adopt a preventive measure there must be at least two basic assumptions, namely: the probable existence of a right under threat - *fumus boni iuris* - and the damage that the temporary development of the process would cause - *periculum in mora*.

In this case, there appears to be a legal standing, on the one hand, by the invocation of an alleged violation of the constitutional rights of the claimant corporation and on the other, the exposure of factual and legal circumstances in which it rests, as it is argued that the challenged actions have affected the principles of double jeopardy prohibition and consistency, the latter as a specific manifestation of the right to judicial protection as well as the right to legal security and ownership of "McDonald's Corporation".

In the same way, it can be observed that there is an effective danger in the delay, since if the effects of the claimed acts are not stopped it could affect the estate of the plaintiff. This due to the fact

[Seal:] Jorge Enrique Mendez
Palomo – Notary                    89
Republic of El Salvador

that the corporation Servipronto de El Salvador, Sociedad Anónima, could process at any time the foreclosure proceedings to enforce the payment of compensation for the damages which it was sentenced to pay.

Because of this, it is appropriate to order the suspension of the effects of the disputed actions, in the sense that the Fourth Commercial Judge of San Salvador will have to refrain from initiating or continuing with the judicial proceedings tending to the enforcement of the ruling issued in the commercial summary proceedings to claim and settle damages and losses, and contract compliance, which the corporation Servipronto de El Salvador, Sociedad Anónima, filed against "McDonald's Corporation." The latter provided that the credibility of the factual and legal facts considered for adopting such action, prevail.

*2.* In another vein, the lawyer Romero Pineda also prompts to provisionally record the petition for protection in the Registry of Intellectual Property, because: "...The only asset that [his] client has in the country is its brand, which is duly registered in the appropriate Registry...".

However, it is not noted that the preventive measure is appropriate to ensure the effectiveness of an eventual ruling of this process, since from the arguments of the cited professional and the documentation submitted it is not observed that in the commercial trial in which the claimed acts where ruled, aspects related with the brand "McDonald's Corporation" have been subject of controversy, or that currently there is any danger with regard to the registration of the trademark.  Consequently, granting of the injunction is declared inadmissible.

**V.** Lastly, lawyers José Arnulfo Hernández Lemus and César Roberto Trujillo Menéndez, who act as representatives of the corporation Servipronto de El Salvador, Sociedad Anónima, request to be allowed to intervene in this process in the capacity indicated above, to be allowed to access the case file of this protection for its study and to be provided with a simple copy of the lawsuit, or otherwise, issue a certified copy of this one.

With regard to such requests, it is appropriate to consider the following:

*1.* First, as noted in the claim for this protection, the corporation Servipronto de El Salvador, Sociedad Anónima, was the plaintiff party in the commercial summary process to claim and settle damages and losses and contract compliance filed against "McDonald's Corporation", the final rulings issued by the Second Chamber of the First Section of the Center and the Civil Division of the Supreme Court dated December 6, 2005 and June 17, 2009, respectively, will be controlled by this Court.

For this reason, the result of this process may affect the interests of the referred company, consequently, it must recognized as third beneficiary and authorize the intervention of lawyers Hernández Lemus and Trujillo Menéndez in the capacity in which they appear.

2. Secondly, regarding the petition made by the above professionals, in the sense that they are allowed to access the case file of this protection for its study, it should be stated that in accordance with the principle of procedural publicity and right to a hearing, both the parties, as well as their agents, representatives, attorneys and any other person who claims a legally protected interest, can have access to the court file or backup copy if the latter is not physically available at the office of the Clerk of this Court.

In that sense, given that the corporation Servipronto de El Salvador, Sociedad Anónima, is the third beneficiary in these proceedings, there is no objection for it or its representatives to have access to this file or its backup copy, as long as these are not removed from the courthouse, since they must remain at the offices, both to avoid undue delays in the processing of the case, and to be examined by the other parties involved in this process.

*3.* Third, the attorneys for the third beneficiary ask to be provided with a certified copy of the lawsuit, or otherwise, issue a certified copy of the same. In this regard, it is convenient that they are issued the simple copy requested and the interested parties bear the corresponding reproduction costs.

Therefore, based on the foregoing and in accordance with the provisions established on Articles 12, 13, 19, 20, 21 and 79, paragraph 2, of the Law on Constitutional Procedures, the Court **RESOLVES**:

**1.** *Be it recorded* that attorney Roberto Romero Pineda is the representative for "McDonald's Corporation", and lawyers José Arnulfo Hernández Lemus and César Roberto Trujillo Menéndez are representatives of the corporation Servipronto de El Salvador, Sociedad Anónima, as they have duly accredited the legal capacity in which they act in this proceedings.

**2.** *Be it recorded* that the corporation Servipronto de El Salvador, Sociedad Anónima, is the third party benefitting from the claimed acts.

**3.** The complaint filed by attorney Romero Pineda, acting as stated above, against the actions of the Second Chamber of the First Section of the Center and the Civil Division of the Supreme Court of Justice for the alleged violation of the rights to legal security, ownership, defense, present evidence, the natural judge and judicial protection, the latter in the specific terms of challenge, motivation and

consistency in judgments - as enshrined in Articles 2 and 11 of the Constitution - of his sponsorship, as well as in respect to the interlocutory issued on February 16, 2010 by the Civil Division of the Supreme Court of Justice, through which the petition for annulment of the decision that resolved the appeal raised in the terms set forth in paragraph 2 of Recital II herein, was dismissed, *is inadmissible*.

**4.** The claim signed by attorney Romero Pineda, against the rulings issued by the Second Civil Chamber of the First Section of the Center and the Civil Division of the Supreme Court of Justice dated December 6, 2005 and June 17, 2009, respectively, in the terms stated in paragraph III herein, for the alleged violation of the principles of double jeopardy prohibition and consistency, the latter as a concrete manifestation of the right to legal protection and rights of legal security and ownership - enshrined in Articles 2 and 11 of the Constitution- of "McDonald's Corporation", which acts as a party, *is admitted*.

**5.** *To immediately and temporarily suspend* the effects of the claimed acts, injunction which should be understood in the sense that the Fourth Commercial Judge of San Salvador will have to refrain from initiating or continuing judicial proceedings aimed at the enforcement of the sentence issued for the commercial summary proceedings to claim and settle damages and losses, and contract compliance, that the corporation Servipronto de El Salvador, Sociedad Anónima, filed against "McDonald's Corporation". The latter provided that the credibility of the factual and legal facts considered for adopting such action prevail.

**6.** The provisional notation of the petitioned claim, by virtue of the reasoning set forth in number 2 of the recital IV herein, *is inadmissible*.

**7.** *Service notice* within twenty-four hours to the Second Civil Chamber of the First Section of the Center and the Civil Division of the Supreme Court of Justice, which shall determine whether the facts attributed to them in the claim, are true.

**8.** *Let it be known* to the Fourth Commercial Judge of San Salvador the precautionary measure adopted in this proceeding, who shall inform about its enforcement.

**9.** *To issue* a single copy of the complaint filed in this proceeding to the attorneys of the corporation Servipronto de El Salvador, Sociedad Anónima, who will pay the corresponding reproduction costs.

**10.** *Indication* on the part of the defendant authorities of the technical means by which they wish to receive the communications acts.

**11.** *Note must be taken* by the Clerk of this Court of the appointed place and the persons commissioned by the lawyer Roberto Romero Pineda, as representative of "McDonald's Corporation" to receive the communication acts, as well as the place

17

[Seal:] Chief Administrative Officer,
Supreme Court of Justice, Authentic,
Republic of El Salvador, C.A.

indicated by attorneys José Arnulfo Hernández Lemus and César Roberto Trujillo Menéndez, as representatives of the corporation Servipronto de El Salvador, Sociedad Anónima, to such end.

   **12.** *Be it known.*

_____

_____ J.B. JAIME _____E.S. BLANCO R. _____ R.E. GONZÁLEZ B._____

_____ISSUED BY THE JUDGES THAT SIGN IT _____

_____ E. SOCORRO C. _____ SIGNATURES _____

and to serve as legal notice _____ I issue this document, in San Salvador at   *two fifty two p.m.*
on *October 12, 2010*

                                        [Signature]

                                        [Seal:] Supreme Court of Justice
                                          Office of Notices
                                          Republic of El Salvador, C.A.

The undersigned Notary certifies that this photocopy is a true copy that I had before me and return to the interested party, in accordance with Article 30, of the Notarial Law of the Voluntary Jurisdiction and other Procedures of San Salvador, on  the *Second* day of *June* Two thousand *eleven*

         [Signature]

18

[Seal:] Chief Administrative Officer,
Supreme Court of Justice, Authentic,
Republic of El Salvador, C.A.

## CHIEF ADMINISTRATIVE OFFICER OF THE SUPREME COURT OF JUSTICE

CERTIFIES that the signature of the Notary JORGE ENRIQUE MENDEZ PALOMO, is authentic, as it is the one he has registered in the corresponding book. This authentication is limited to the mentioned signature and there is no responsibility as to the content of the document. San Salvador, June 3, 2011.

[Signature]
JOSÉ RAUL VIDES MUÑOZ, ESQ.
CHIEF ADMINISTRATIVE OFFICER
SUPREME COURT OF JUSTICE

[Seal:] Chief Administrative Officer,
Supreme Court of Justice, Authentic,
Republic of El Salvador, C.A.

[Seal:] Ministry of Foreign
Affairs, Consular Affairs Division,
Republic of Salvador, Central America
Apostille Directorate General of Foreign Service

[Seal:] Republic of El Salvador,                RR.EE  NO.  099376

Central America

MINISTRY OF FOREIGN AFFAIRS

APOSTILLE

(Hague Convention of October 5, 1961)

1.  Country:              EL SALVADOR

     The present public document

2.  Has been signed by: JOSÉ RAUL VIDES MUÑOZ

3.  Who acts as: CHIEF ADMINISTRATIVE OFFICER

4.  And has the seal of the: SUPREME COURT OF JUSTICE

CERTIFIED

5.  By: THE MINISTRY OF FOREIGN AFFAIRS

6.  On 06-03-2011

7.  By: TECHNICIAN VI IN THE DIRECTORATE GENERAL OF FOREIGN SERVICE

8.  Under Number: 11790/2011

9.  Seal:                                  10.  Signature

     [Seal:] Ministry of Foreign
      Affairs, Consular Affairs Division,
      Republic of Salvador, Central America
      Apostille
      Directorate General of Foreign Service

                                           [Signature]
                                           MARIA DIGNA MELGAR ROMERO



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BERLIN
BOGOTA
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
CLEVELAND
COLUMBUS
DALLAS
DENVER
DUBAI
DUBLIN
DUESSELDORF
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
LYON
MEXICO CITY
MIAMI
MILAN
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PHOENIX
PORTLAND
PRAGUE
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
STUTTGART
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC
ZURICH

City of New York, State of New York, County of New York

I, Anne Lutz, hereby certify that the "Notificaciones Sala de lo Constitucional", certified Notary, dated June 22, 2011" document is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

Anne Lutz

Sworn to before me this
June 22nd, 2011

Signature, Notary Public

KRISTIN MILORO
Notary Public - State of New York
No. 01MI6212799
Qualified in New York County
Commission Expires Oct 19, 2013

Stamp, Notary Public

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016   T 212.689.5555   F 212.689.1059   WWW.TRANSPERFECT.COM