Jonathan C. Bunge
Joshua Z. Rabinovitz
Peter J. Wozniak
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, IL 60654
(312) 862-2000
(312) 862-2200 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERVIPRONTO DE EL SALVADOR, S.A., <br><br> Plaintiff, <br><br> - against - <br><br> MCDONALD'S CORPORATION, <br><br> Defendant. | Case No.: 1:11-cv-04519-PAC <br><br> ECF Case |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT MCDONALD'S CORPORATION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY

Defendant McDonald's Corporation hereby moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, McDonald's respectfully requests that the Court stay this action until the appeal of the underlying action in El Salvador has been resolved.

### INTRODUCTION

This is an action by Servipronto—a Salvadoran company and former McDonald's franchisee—to enforce against McDonald's a judgment of a Salvadoran court in the amount of $23,977,493.40. But New York's statute governing the enforcement of foreign judgments prohibits enforcement unless the foreign judgment is "enforceable where rendered." C.P.L.R. 5302. The judgment that Servipronto is attempting to enforce is *not* enforceable in El Salvador. The Constitutional Chamber of El Salvador's Supreme Court—the highest court in El Salvador

for this type of matter—issued an order on October 8, 2010 indicating that Servipronto cannot enforce its judgment in El Salvador until the appellate process in that country is complete. As a result, Servipronto cannot satisfy the prerequisites to enforcement of a foreign judgment.

To be clear, there are other problems with the judgment against McDonald's that prevent its enforcement in the United States. But those need not be addressed at present, given the threshold issue presented by this motion. For now, because the judgment is not enforceable in El Salvador, it is not enforceable here either. As a result, this suit should be dismissed.

## BACKGROUND

On June 1, 2011, Servipronto filed a "motion for summary judgment in lieu of complaint in action upon foreign country money judgment" in the Supreme Court for the State of New York. *See* Docket #1, Ex. 1 to Notice of Removal. The judgment that Servipronto's motion attempts to enforce was rendered in El Salvador by the Second Civil Chamber of Appeals of the First Central Section of El Salvador as a result of a dispute between McDonald's and Servipronto regarding Servipronto's contract for a McDonald's franchise. On July 1, 2011, McDonald's removed the action to this Court pursuant to federal diversity jurisdiction. *See* Notice of Removal (Docket #1).

The history of this case in El Salvador is long. A chronology of the case is submitted as Exhibit 1.[1] For present purposes, what is important is that Servipronto received a judgment against McDonald's. McDonald's has appealed to the Constitutional Chamber of the Supreme

---

[1] Citations in this brief to exhibits are to the exhibits to the Declaration of Jonathan C. Bunge, filed herewith.

Court of Justice of El Salvador.[2] Because it is reviewing the matter, the Constitutional Chamber stayed enforcement of the judgment in El Salvador. On October 8, 2010, the Chamber ordered:

> To immediately and temporarily suspend the effects of the claimed acts, injunction which should be understood in the sense that the Fourth Commercial Judge of San Salvador will have to *refrain from initiating or continuing judicial proceedings aimed at the enforcement* of the sentence issued for the commercial summary proceedings to claim and settle damages and losses, and contract compliance, that Servipronto de El Salvador, Sociedad Anónima, filed against "McDonald's Corporation".

Certified Translation of 10/8/2010 Order ¶ 5 (emphasis added) (Ex. 2).[3] The Constitutional Chamber's order is directed to the Fourth Commercial Judge of San Salvador because that is the trial court where Servipronto would have to return to enforce the judgment. On March 11, 2011, the Constitutional Chamber refused a request by Servipronto to lift the stay. *See* Certified Translation of 3/11/2011 Order (Ex. 3 at 9, 10). Consequently, by two separate orders of the highest court in El Salvador, Servipronto's judgment cannot be enforced in El Salvador.

## ARGUMENT

**I.    SERVIPRONTO CANNOT MEET ITS THRESHOLD BURDEN OF ESTABLISHING THAT THE SALVADORAN JUDGMENT IS "ENFORCEABLE WHERE RENDERED."**

Under New York's codification of the Uniform Foreign Country Money-Judgments Recognition Act ("the Recognition Act"), a foreign money judgment may only be recognized if it is "final, conclusive and *enforceable where rendered*." C.P.L.R. 5302 (emphasis added); *see also* C.P.L.R. 5303 (permitting recovery only for judgments "meeting the requirements of section 5302"). The burden is on the party seeking to enforce the foreign judgment to establish the judgment's conclusiveness, finality, and enforceability. *See Ackermann v. Levine*, 788 F.2d

---

[2] McDonald's Salvadoran counsel estimates receiving a ruling from the Constitutional Chamber within a year.

[3] Servipronto failed to include this order with its opening pleading, so McDonald's submits it now.

830, 842 n.12 (2d Cir. 1986) ("[A] plaintiff seeking enforcement of a foreign country judgment … must establish prima facie … a final judgment, conclusive and enforceable where rendered") (citations omitted); *see also* David D. Siegel, Practice Commentaries, C.P.L.R. 5302.01 (noting that foreign judgments cannot be enforced in New York "if under the law of the rendering jurisdiction there is any impediment to their immediate enforcement").

For example, in *Overseas Development Bank in Liquidation v Nothmann*, 103 A.D.2d 534 (App. Div. 1984), the Appellate Division reversed a lower court's decision enforcing an English judgment because the plaintiff had not acquired the necessary "Writ of Execution" from the English court. Because the absence of the writ meant that the judgment was not enforceable in England, the Appellate Division held that it also meant that the judgment was not enforceable in New York. *Id.* at 543-44 ("Not until there has been a determination by the courts of England that notwithstanding the passage of the six-year period, plaintiff should be granted leave to execute upon its judgments, can the courts of New York enforce the judgments."); *see also Chevron Corp. v. Donziger*, No. 11 Civ. 0691(LAK), 2011 WL 778052, * 29 (S.D.N.Y. March 7, 2011) (noting that a stay by the Ecuadorian courts pending appeal would render the judgment "unenforceable in Ecuador"). Thus, where a judgment is not enforceable in the country in which it is issued, it is not enforceable under the Recognition Act.

Servipronto's judgment against McDonald's is not currently enforceable in El Salvador. On October 8, 2010, the highest court in that county barred Servipronto from "initiating or continuing judicial proceedings aimed at the enforcement" of its judgment. Ex. 2 at ¶ 5. The court reaffirmed that position on March 11, 2011. *See* Ex. 3 at 9 ("Thus, it is evidenced that, at this procedural instance … reversing the decreed precautionary measure is not appropriate"); *id.* at 10 (noting that lifting the stay is inappropriate "by virtue of the fact that the circumstances

whereby the measure was ordered have not been modified"). This Court may take judicial notice of the Salvadoran court's orders. *See, e.g.*, *Ferrari v. County of Suffolk*, No. 10–CV–4218, 2011 WL 2297125, *10 n.4 (E.D.N.Y. June 7, 2011) ("In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case *sub judice*."). As a result, the Court need look no further to hold that Servipronto cannot satisfy the threshold question of enforceability under the Recognition Act.

The arguments advanced by Servipronto in its opening pleading do not alter this analysis. Servipronto's primary contention is that, on March 11, 2011, the Constitutional Chamber in El Salvador denied a motion by McDonald's to stay enforcement of the judgment in foreign countries. *See, e.g.*, Bortnick Aff. ¶ 6 (Docket #1) ("The Constitutional Court, however, denied McDonald's motion to stay enforcement of the Judgment in foreign countries on March 11, 2011."). According to Servipronto, if the courts in El Salvador did not prevent the judgment's enforcement in the United States, neither should this Court.

This argument fails for two reasons. First, what the Salvadoran courts say about enforcement *outside* El Salvador is irrelevant under the Recognition Act, which attaches meaning only to what the Salvadoran courts say about enforcement *inside* El Salvador. And the Salvadoran courts have been clear: Servipronto is prohibited from enforcing its judgment in El Salvador.[4]

---

[4] Similarly, Servipronto's characterization of the pending appeal in El Salvador as a "collateral attack" on the judgment (because the lower court is named as defendant rather than Servipronto) is beside the point. The critical fact under New York's Recognition Act is whether the judgment can be enforced in El Salvador. It cannot be enforced. Whether that is because of a direct appeal or because of a collateral attack is not pertinent under the statute. Further, Servipronto is incorrect that McDonald's appeal in El Salvador is a collateral attack. McDonald's appeal is no

5

Second, Servipronto's assertion is false: The Constitutional Chamber of the Supreme Court of Justice did not deny a motion by McDonald's to stay enforcement of Servipronto's judgment outside El Salvador. McDonald's never made such a motion. Rather, McDonald's sought to enjoin *Salvadoran courts* from enforcing any related judgment *rendered abroad*. Thus, the first page of the Constitutional Chamber's order of March 11, 2011 recites that McDonald's "requested to issue an order to the Secretary of the Supreme Court of Justice to suspend any procedures aiming at the execution of a sentence *pronounced abroad* related to the case in question."[5] Ex. 3 at 1 (emphasis added).

Unsurprisingly, then, because the issue was not presented, the Constitutional Chamber's order did not address Servipronto's ability to enforce the judgment abroad. Indeed, even the truncated translation Servipronto attached to its motion fails to support Servipronto's assertion that McDonald's sought to prevent enforcement outside El Salvador. That translation reads:

> Whereas, based on the foregoing reasoning and legal provisions, the Court ORDERS:
>
> 4. That the motion filed by [McDonald's], requesting that the Clerk's Office of the Supreme Court of Justice be ordered to cancel any procedure aimed at enforcing the judgment *passed abroad* in relation to the case on the merits, be denied.

---

more a collateral attack than a mandamus petition filed in a federal appellate court—which as a technical matter names the lower court as the defendant.

[5] Servipronto's opening pleading attached only a translation of a single page of the Constitutional Chamber's eleven-page order. The parts of the order that Servipronto omitted from its translation, such as the passage described above, are of critical importance. For example, in another portion of the Chamber's order, the court refused a request by Servipronto to lift the stay of enforcement in El Salvador. *See* Ex. 3 at 9 ("Thus, it is evidenced that, at this procedural instance … reversing the decreed precautionary measure is not appropriate"); *id.* at 10 (noting that lifting the stay is inappropriate "by virtue of the fact that the circumstances whereby the measure was ordered have not been modified").

Docket #1-2 (emphasis added).[6]  According to Servipronto, that paragraph means that "The Constitutional Court, however, denied McDonald's motion to stay enforcement of the Judgment in foreign countries," and that "the Judgment remains valid and in full force and effect with respect to its enforcement outside of El Salvador." Bortnick Aff. ¶¶ 6-7 (Docket #1).  The Salvadoran court's order contradicts Servipronto's assertion.

In sum, because Servipronto's judgment is not "enforceable *where rendered*," C.P.L.R. 5302 (emphasis added), it cannot be recognized under New York law.[7]  *See, e.g.*, *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 581-83 (2d Cir. 1993) (remanding for determination of whether lack of French *exequatur* rendered the judgment unenforceable in France, and thus unenforceable here).  Unless and until Servipronto's judgment is enforceable in El Salvador, Servipronto's judgment is not "enforceable where rendered," and therefore not enforceable under the Recognition Act.  Thus, Servipronto's attempt to enforce the Salvadoran judgment is premature.  As a result, Servipronto cannot state a claim upon which relief may be granted.  The proper remedy is to dismiss this lawsuit without prejudice.

---

[6] Moreover, McDonald's translation of Paragraph 4 of the Constitutional Chamber's Order differs from that provided by Servipronto, and makes even more clear the relief sought and denied.  According to McDonald's certified translation, the Constitutional Chamber  dismissed "the petition made by [McDonald's] as to ordering the Secretary of the Supreme Court of Justice to suspend any dealing conducive to *execute the decision passed abroad*, in connection herewith." Exhibit 3 at 11 ¶ 4 (emphasis added).

[7] To be clear, C.P.L.R. 5302 states: "This article applies to any foreign country judgment which is final, conclusive and enforceable where rendered even though an appeal therefrom is pending or it is subject to appeal." McDonald's does not argue that the mere fact of the pendency of the appeal in El Salvador demands dismissal.  Rather, because enforcement of the judgment is stayed in El Salvador, it cannot be enforced there; the judgment's lack of enforceability "where rendered" prohibits the judgment from being recognized here and mandates dismissal.

## II. IN THE ALTERNATIVE, THIS COURT SHOULD STAY THIS ACTION PENDING RESOLUTION OF THE APPEAL IN EL SALVADOR.

In the alternative, this Court should stay the action pending resolution of the appeal in El Salvador. The Recognition Act specifically contemplates a stay in situations where the underlying judgment is under appeal. Specifically, if "the defendant satisfies the court … that an appeal is pending … the court may stay the proceedings until the appeal has been determined." C.P.L.R. 5306. And, as Plaintiff alleges, "McDonald's has appealed from the Supreme Court of El Salvador to the Constitutional Court of El Salvador." Bortnick Aff. ¶ 6 (Docket #1). This Court may therefore "stay the proceedings until the appeal has been determined." C.P.L.R. 5306.

Moreover, this Court has plenary authority to stay this action. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). As the judgment upon which this action is based is under review and may be overturned, judicial economy counsels in favor of this Court staying this action until resolution of the appeal by the Salvadoran court. *Cf. Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1172 n.7 (11th Cir. 2004) ("Under the circumstances the district court may consider whether staying the enforcement action is appropriate in order that it may have the benefit of the [foreign] courts' full and final decisions on the matter and to avoid unnecessarily duplicative litigation.").

## CONCLUSION

Because the Constitutional Chamber of the Supreme Court of Justice of El Salvador has twice forbidden Servipronto from executing its judgment in El Salvador, the judgment is not "enforceable where rendered." Consequently, this action is premature and should be dismissed without prejudice. In the alternative, McDonald's respectfully requests that the Court stay this action pending the outcome of the Constitutional Chamber's review, which may overturn the judgment and render this action moot.

Dated: August 19, 2011                                        Respectfully submitted,

/s/ Jonathan C. Bunge

Joel A. Blanchet
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022-4611
(212) 446-4800
(212) 446-4900 (fax)

Jonathan C. Bunge
Joshua Z. Rabinovitz
Peter J. Wozniak
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, IL 60654
(312) 862-2000
(312) 862-2200 (fax)

*Counsel for McDonald's Corporation*