UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERVIPRONTO DE EL SALVADOR, S.A.,

      Plaintiff,

- against -

MCDONALD'S CORPORATION,

      Defendant.

Case No. 11 Civ. 4519 (PAC)
ECF CASE

## MEMORANDUM OF LAW IN SUPPORT OF MOTION BY BLAINE H. BORTNICK, ESQ., JAMES W. HALTER, ESQ., AND LIDDLE & ROBINSON, L.L.P. TO WITHDRAW AS ATTORNEYS OF RECORD FOR PLAINTIFF

Blaine H. Bortnick, Esq., James W. Halter, Esq., and Liddle & Robinson, L.L.P. (collectively "Counsel") respectfully submit this memorandum of law, as well as the Ex Parte Declaration of Blaine H. Bortnick, in support of their motion to withdraw as attorneys of record for Plaintiff, Servipronto de El Salvador, S.A. ("Plaintiff"). Counsel and Plaintiff have suffered a communication breakdown and an irreconcilable conflict over the status of the matter. In addition, Plaintiff has failed to pay Counsel's invoices since October 2012 and payment for future work seems unlikely. Thus, the Court should grant Counsel's request.

### BACKGROUND

This action commenced on June 1, 2011 when L&R filed a Motion for Summary Judgment in Lieu of Complaint on behalf of Plaintiff against Defendant with the Supreme Court of the State of New York, County of New York. The action sought to enforce a final, conclusive, and enforceable judgment issued by the courts of El Salvador in the amount of approximately $23.9 million against Defendant and in favor of Plaintiff.

On July 1, 2011, Defendant removed the action to this court.

On August 19, 2011, Defendant filed a motion to dismiss the action, claiming it was not a final order based on a stay of enforcement of the judgment that explicitly impacted only a court of El Salvador. (Dkt. #8.) On November 2, 2011, after the motion was fully briefed, Defendant withdrew the motion when the El Salvador stay on which the motion was based was lifted. (See Dkt. # 19 and the Court's docket minute entry dated November 2, 2011.)

Thereafter, the parties fully briefed Plaintiff's motion for summary judgment. (Dkt. ## 21-30.)

While the summary judgment motion was pending, on approximately September 4, 2012, Defendant deposited a check equal to the principal amount of the judgment to the trial court in El Salvador and payable to the El Salvador Ministry of the Treasury.

Plaintiff immediately informed Defendant that Plaintiff was entitled to interest on the judgment and, thus, that the judgment was not satisfied. Defendant disagreed and litigation in El Salvador ensued over whether Defendant still owed Plaintiff interest on the $23.9 million judgment.

By letters from Defendant and Plaintiff dated September 20, 2012 and by a further letter from the Defendant dated September 28, 2012, the parties informed the Court of the additional judicial proceedings in El Salvador. Defendant sought permission to make a motion to dismiss claiming the judgment had been satisfied. (Dkt # 32.) Plaintiff opposed this request since the issue of post-judgment interest had not been resolved in El Salvador, and Plaintiff requested that the Court not entertain such a motion until the litigation in El Salvador regarding interest concluded.

On October 2, 2012, based on the additional litigation among the parties in El Salvador, this Court granted Plaintiff's request and issued an order requiring the parties to update the Court when the litigation in El Salvador was concluded, effectively staying the matter. (Dkt. # 32.)

A trial-level court in El Salvador ruled in Defendant's favor, finding that the Plaintiff was not entitled to post-judgment interest and that the judgment had been satisfied. Plaintiff is pursuing an appeal of this finding in the El Salvador courts.

Since that time, as detailed in the Ex Parte Declaration of Blaine H. Bortnick, Plaintiff and Counsel have suffered an irreconcilable conflict, a communication breakdown, and Plaintiff has refused to pay Counsel's fees. Thus, satisfactory reasons exist and no prejudice would result so Blaine H. Bortnick, Esq., James W. Halter, Esq., and Liddle & Robinson, L.L.P. should be permitted to withdraw as counsel of record in this matter.

## DISCUSSION

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the withdrawal of counsel. Rule 1.4 provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

Local Rule 1.4.

Thus, when considering whether to grant a motion to withdraw under Rule 1.4, courts must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. *See, e.g., Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999).

"Here, counsel has demonstrated by affidavit that there are irreconcilable differences between his firm and Plaintiff." *Winkfield v. Kirshenbaum & Phillips, P.C.*, No. 12 Civ. 7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013). In fact, Counsel has indicated that Plaintiff has threatened a multi-million dollar law suit against Counsel. This satisfies Rule 1.4's

requirement of "satisfactory reasons" for withdrawal. *See, e.g., United States v. Up to $6,100,000 on Deposit*, No. 07 Civ. 4430 (RJS), 2009 WL 1809992, at *5 (S.D.N.Y. June 24, 2009) ("Withdrawal is also appropriate when irreconcilable differences exist between client and counsel.").

Independent "satisfactory reason" exists for Counsel to withdraw based on Plaintiff's failure to pay Counsel's legal bill for five months. "[C]ourts have uniformly granted motions to withdraw when attorneys allege non-payment of fees by their clients." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, No. 95 Civ. 2144 (JGK), 1997 WL 109511, at *2 (S.D.N.Y. Mar. 11, 1997). While the amount is not substantial, the conduct of the parties demonstrates that Plaintiff will likely continue to refuse to pay Counsel's fees in the future and arbitration regarding Counsel's fees would be required. Further, in the fee agreement between Counsel and Plaintiff, Plaintiff explicitly agreed that "[i]n the event any bill or statement remains unpaid beyond a 45-day period, Servipronto agrees that L&R [Counsel] may withdraw its representation of Servipronto at its option. Servipronto acknowledges that in connection with any such withdrawal, the account delinquency will be good cause."

Finally, there will be no prejudice on the parties or burden on the Court for Counsel to withdraw at this juncture. Where discovery has not yet closed, in fact, discovery has not even begun, and the case is not "on the verge of trial readiness," "holding counsel in th[e] proceeding will do nothing to speed the litigation." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011). The case is awaiting resolution of litigation in El Salvador. The only motion pending before the Court is the fully-briefed summary judgment motion and there are no deadlines set in this action.

Counsel does not request a retaining or charging lien at this time.

## **CONCLUSION**

For the foregoing reasons, Counsel respectfully requests that the Court grant Blaine H. Bortnick, Esq., James W. Halter, Esq., and Liddle & Robinson, L.L.P. permission to withdraw as counsel for Plaintiff.

Dated: New York, New York
      March 18, 2013

                                    Respectfully submitted,
                                    LIDDLE & ROBINSON, L.L.P.

                                    By: /s/ Blaine H. Bortnick
                                          Blaine H. Bortnick
                                          James W. Halter
                                    800 Third Avenue
                                    New York, New York 10022
                                    Tel: (212) 687-8500
                                    Fax: (212) 687-1505
                                    bbortnick@liddlerobinson.com

# CERTIFICATE OF SERVICE

    I, James W. Halter, hereby certify that, on March 18, 2013, a copy of the Notice of Motion to Withdraw as Attorneys of Record, and Memorandum of Law in support thereof was served on Defendants using the Court's ECF system and on Plaintiffs by regular mail and e-mail to Servipronto de El Salvador, S.A. at Primera Calle Poniente y 63 Ave, Norte, Edif A&M Local C-10, Col Escalon, San Salvador, El Salvador, C.A., servipronto@gmail.com. In addition, the annexed Ex Parte Declaration of Blaine H. Bortnick in Support of thereof, was served also served on Plaintiff by regular mail and e-mail at the same addresses.


Date:   March 18, 2013                                 /s/ James W. Halter
                                                                         James W. Halter
                                                                         Liddle & Robinson, L.L.P.
                                                                         800 Third Avenue
                                                                         New York, New York 10022
                                                                         Tel: (212) 687-8500
                                                                         Fax: (212) 687-1505
                                                                         jhalter@liddlerobinson.com