UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X
                             :

SERVIPRONTO DE EL SALVADOR, S.A.,  :
                             :

                    Plaintiff,   :

             v.            :

MCDONALD'S CORPORATION,       :
                             :

                  Defendant. :
                             :
---------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __September 24, 2014__

11 Civ. 4519 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

    On May 13, 2014, the instant case was reassigned to the undersigned from the Honorable Paul A. Crotty, United States District Judge for the Southern District of New York.  Before that reassignment, (i) in June 2011, Plaintiff filed a motion for summary judgment in New York State Supreme Court (Dkt. #1, 22-30); (ii) in July 2011, Defendant removed the matter to this Court (Dkt. #1); (iii) in August 2011, Defendant filed a motion to dismiss or to stay the case (later withdrawn) (Dkt. #8-10, 15-17, 19); (iv) throughout 2012 and 2013, the parties monitored, and periodically reported to the Court concerning, proceedings in related litigation in El Salvador (*see, e.g.*, Dkt. #31); (v) in July 2013, the parties separately wrote to the Court seeking clarification concerning the pending summary judgment motion (Dkt. #44-46); and (vi) on March 28, 2014, the Court entered an order of dismissal (the "March 28 Order") (Dkt. #47).

    Before the Court is Plaintiff's April 10, 2014 Motion to Clarify or Correct Order (Dkt. #48), in which Plaintiff seeks clarification of the Court's March 28

Order.  That Order stated: "The above entitled action has been on the Court's active docket since July 1, 2011, and there having been no activity since July 18, 2013, it is[] ORDERED that the above-entitled action is DISMISSED.  The Clerk of Court is directed to close this case."  (March 28 Order).

Plaintiff argues that clarification is necessary because that Order does not specify whether dismissal was "with" or "without" prejudice.  (Pl. Br. 4). Plaintiff contends that the circumstances of the case suggested that the dismissal was "without prejudice," but that Federal Rule of Civil Procedure 41(b) creates the possibility that, absent an explicit statement to the contrary, a dismissal is "with prejudice."  (*Id.* at 4-5 (citing Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule … operates as an adjudication on the merits.")).  Defendant's response does not argue against clarification; that application goes unopposed.  For the reasons set forth by Plaintiff, the Court agrees that further clarification as to the nature of the dismissal is necessary.

Plaintiff next argues that dismissal with prejudice is entirely unwarranted.  Plaintiff points out that it has not failed to comply with any rules or court orders, has not been charged with any improper action or inaction, and never received any notice that a dismissal due to inactivity was pending.  (Pl. Br. 5-6).  Reviewing Second Circuit law describing the severity of the dismissal sanction, Plaintiff contends that no such severe sanction is defensible here.  (*Id.*).  In opposition, Defendant argues that the action should be considered to have been dismissed with prejudice because it is moot.  (Def.

Br. 1).  In particular, Defendant recites that it has paid the entire judgment of $23,977,493.40 that Plaintiff seeks to enforce (which judgment pertains to the litigation in El Salvador that, the Court is advised, is currently in the appellate stage), and therefore contends that there is no actionable controversy.  (*Id.*).

In support of its position, Defendant relies on the substantive arguments that it has proposed to put forward in a motion to dismiss.  (*See* July 8, 2014 Letter (Dkt. #45)).  But Defendant was not given leave to file that motion to dismiss, and no such motion was pending before the Court at the time of the March 28 Order.  The Court did not issue its dismissal order based on substantive arguments put forward by the parties; instead, it dismissed the case because there had "been no activity since July 18, 2013."  (March 28 Order).  There was no finding that Plaintiff had failed to prosecute, or undertook some action that warranted the sanction of dismissal.  These circumstances counsel in favor of finding that the Court dismissed the action without prejudice pursuant to its inherent powers to control its own docket and calendar.

Moreover, dismissal with prejudice is a "harsh remedy, not to be utilized without a careful weighing of its appropriateness."  *Martens* v. *Thomann*, 273 F.3d 159, 179 (2d Cir. 2001).  "The remedy [of dismissal for a failure to prosecute] is pungent, rarely used, and conclusive.  A district judge should employ it only when he is sure of the impotence of lesser sanctions."  *Id.* (alteration in original) (citing *Chira* v. *Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980)).  The record is silent as to any "careful weighing of []

3

appropriateness."  Particularly in view of the Court's July 18, 2013 endorsement stating that, at that time, there was "no basis for this Court to do anything further," it is clear that the dismissal served as a housekeeping measure in a case that appeared to have noiselessly resolved itself.  (Dkt. #44). This case is clearly not resolved.

The parties shall appear at a conference on **October 14, 2014, at 2:30 p.m.** in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.  By Thursday of the week prior to that conference, the parties shall submit via e-mail (Failla_NYSDChambers@nysd.uscourts.gov) a joint letter, not to exceed four pages, regarding the status of the case.  The letter should include the following information in separate paragraphs:

(1)    A report on the status of the litigation in El Salvador;

(2)    A report on the status of payment to Plaintiff;

(3)    A statement of whether the parties anticipate filing or refiling motions for summary judgment or to dismiss and the contemplated grounds of those motions; and

(4)    Any other issue that the parties would like to address at the conference or any information that the parties believe may assist the Court in advancing the case.

For the reasons set forth above, Plaintiff's Motion to Clarify is hereby GRANTED, and the Court confirms that the March 28, 2014 Order (Dkt. #47) dismissing this action did so WITHOUT PREJUDICE.  The Clerk of Court is

directed to terminate the motion pending at Docket No. 48, to reopen this case, and to amend the case caption to conform to the caption set forth above.

      SO ORDERED.

Dated:     September 24, 2014
             New York, New York

                                     _____
                                        KATHERINE POLK FAILLA
                               United States District Judge