UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERVIPRONTO DE EL SALVADOR, S.A.,

                *Plaintiff,*

      vs.                Docket No. 11-CIV-4519 (KPF)

MCDONALD'S CORPORATION,

                *Defendant.*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AUTHORIZE WITHDRAWAL OF SCHLAM STONE & DOLAN LLP AS COUNSEL TO PLAINTIFF SERVIPRONTO DE EL SALVADOR, S.A.

Schlam Stone & Dolan LLP moves, pursuant to Local Rule 1.4, for leave to withdraw as counsel to Plaintiff Servipronto de El Salvador, S.A. ("Servipronto").

### FACTUAL STATEMENT

The facts underlying this application are set forth in the accompanying declaration of the Thomas A. Kissane, dated February 9, 2015 ("Kissane Dec.").

As set forth there in greater detail:

> • The attorney-client relationship is dysfunctional and beyond repair. Our firm's motivations and judgment have been questioned, we are unable to agree with Servipronto on even the most basic matters (such as what to put in the joint letter that the Court had directed the parties to periodically submit concerning the status of the litigation in El Salvador), the client has implied that exercising our professional judgment differently than they prefer may lead to accusations of "perjury", and we have not been able to speak with anyone from Servipronto, on any subject, for over a year, communicating only by email. Kissane Dec., ¶¶9-15, 18-22 & Exhs. 1-6.

- Although the amount due is small, Servipronto has ceased paying our firm. This is particularly significant because we have already excused over $20,000 in fees to resolve a previous billing dispute, and the client has refused to pay a retainer to cover the costs that would inevitably arise from the mediation that it is pressing for us to request, or that otherwise have arisen or will arise from our continuing representation. Kissane Dec., ¶¶ 13-17 & Exh. 3.

- Because the Court has stayed the matter, withdrawal will not cause any procedural delay. Our firm has elected not to assert a charging or retaining lien. Kissane Dec., ¶¶ 2-3.

## ARGUMENT

A "'lawyer may withdraw from representing a client if ... the client ... renders it unreasonably difficult for the lawyer to carry out employment effectively ...' or 'disregards an agreement or obligation to the lawyer as to expenses or fees.'" *Casper v. Lew Lieberbaum & Co.*, No. 97CIV.3016, 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999), *citing* D.R. § 2–110(C)(1)(d) and (f) (now rule 1.16(c)(5 & 7)), *adhered to on reconsideration*, 182 F. Supp. 2d 342 (S.D.N.Y. 2002).

Withdrawal is appropriate for at least three reasons.

**First**, it is well settled that the continuance of a dysfunctional attorney-client a relationship should not be judicially imposed, at least in the absence of considerations not present here. *See, e.g., Farmer v. Hyde Your Eyes Optical, Inc.*, No. 13-CV-6653 GBD JLC, 2014 WL 6386731, at *4 (S.D.N.Y. Nov. 13, 2014) (collecting cases); *see also Munoz v. City of New York*, No. 04 CIV. 1105 JGK, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (granting withdrawal "based on the lack of communication with the plaintiff and the acrimonious relationship that has developed between the law firm and the plaintiff.")

**Second**, "it is firmly established that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Rule 1.4.". *Thekkek v. LaserSculpt, Inc.*, No. 11

2

CIV. 4426 HB JLC, 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012), *citing Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011) (collecting cases.)

**Third**, because the Court has stayed the matter, withdrawal will not cause any procedural delay. *See Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (discussing role of procedural delay in assessing withdrawal applications, while reversing refusal to allow withdrawal, *despite* likely delay, based on severe difficulties in client relationship.)

## CONCLUSION

For the reasons set forth above and in the Kissane Dec., Schlam Stone & Dolan LLP respectfully requests that its motion for leave to withdraw be granted, and that Servipronto be granted no less than thirty (30) days from entry of the order granting that relief to secure the appearance of successor counsel.

Dated: February 9, 2015
New York, New York

**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
(212) 344-5400

By: _____
Thomas A. Kissane (TK 8221)
*Attorneys for Plaintiff Servipronto de El Salvador, S.A.*