UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SERVIPRONTO DE EL SALVADOR, S.A.,  : Case No.: 1:11-cv-04519-(KPF)
:
               Plaintiff, :
- against - :
:
MCDONALD'S CORPORATION, :
:
               Defendants. :
-----------------------------------------------------------------X

**DECLARATION OF ALAN D. ZUCKERBROD IN SUPPORT OF
MOTION OF WILK AUSLANDER LLP TO WITHDRAW AS COUNSEL
OF RECORD TO PLAINTIFF SERVIPRONTO DE EL SALVADOR, S.A.**

Pursuant to 28 U.S.C. § 1746, ALAN D. ZUCKERBROD declares, under the penalty of perjury, the following to be true and correct:

1. I am a member of Wilk Auslander LLP ("WA"), counsel to Plaintiff Servipronto de El Salvador, S.A. ("Servirponto") in this action. I submit this Declaration, pursuant to Rule 1.4 of the Local Civil Rules of the United States District Court for the Southern District of New York in support of WA's motion for leave to withdraw as counsel of record to Servipronto in this action.

2. WA filed its Notice of Appearance with the Court as counsel to Servipronto in this action on May 15, 2015. Docket 70. WA is the third law firm to appear as counsel to Servipronto in this action. The Court previously granted motions to withdraw that were filed by the two law firms that preceded WA as Servipronto's counsel in this action. WA seeks permission to withdraw as a result of a breakdown in communications with Servipronto, Servipronto's dissatisfaction with WA's representation, and Servipronto's failure to abide by the terms of its retainer agreement with WA.

1

00946833.2

3. WA's withdrawal will not delay this action because, among other reasons, the Court has imposed a stay of this action, which stay is currently in effect. Specifically, by Order dated May 22, 2015, the Court ruled, in pertinent part:

> This case remains stayed. The parties shall submit a joint letter 90 days from the date of this order, and every 90 days thereafter, providing an update on the status of the action pending in the courts of El Salvador. Upon resolution of that action, the parties shall confer and Plaintiff's counsel shall submit a status letter updating the Court forthwith. Such letter may include a request to remove the stay in this action and proceed with motions.

Docket 71.

4. The "action pending in El Salvador" referred to in the Court's May 22, 2015 Order remains pending.

5. WA does not know when the El Salvador action will conclude. Servipronto informed the Court in the "Plaintiff's Statement" section of the August 24, 2015 joint status letter that it appears likely that the action in El Salvador will go on for several more years, if not another decade. Docket 72. WA is not aware of any information that changes this expectation.

6. Since approximately October 2015, Servipronto has ignored or denied almost all of WA's requests to speak with Servipronto's principal, Roberto Bukele, on the phone. Servipronto has refused to have any oral communication with WA, on any subject, since at least February 2016. Since at least February 2016, there have been minimal communications between Servipronto and WA, and whatever has occurred has been through email. Servipronto, however, has failed to respond to most of WA's emails.

7. From the minimal communications which have occurred, Servipronto has questioned WA's professional judgment and failed to agree with WA on even the most basic matters, such as what to include in the parties' joint status letters to the Court. In addition, most

recently, Servipronto has made false accusations against WA on a number of topics, including: failing to comply with Court orders; failing to inform Servipronto about communications with opposing counsel; and causing the medical problems suffered by Mr. Bukele.

8. WA has informed Servipronto that WA entirely denies and rejects every one of Servipronto's accusations.

9. As evidenced by the above paragraphs discussing Servipronto's repeated accusations against WA, WA's denial and rejection of all such accusations, and Servipronto's failure to communicate with WA, WA and Servipronto have irreconcilable differences. There is a breakdown of trust and communication between WA and Servipronto. WA's attorney-client relationship with Servipronto has deteriorated to the point where it is now unworkable.

10. As of the date of this Declaration, Servipronto currently owes WA $11,648.27 for its legal fees, most of which has been due and outstanding for over 180 days.

11. Servipronto has repeatedly ignored WA's numerous requests for the payment of its outstanding legal fees. On January 4, 2017, Servipronto informed WA by email that it does not intend make any payments to WA.

12. Thereafter, WA informed Servipronto that it is apparent to WA that Servipronto no longer wishes to have WA serve as its counsel, and that WA believes its legal representation of Servipronto in this action should be terminated as a result of: (a) Servipronto's failure to properly and timely communicate with WA; (b) the false allegations Servipronto asserted against WA; and (c) Servipronto's failure abide by the payment obligations under its retainer agreement with WA. WA also informed Servipronto that as the parties' next joint status letter is not due until April 4, 2017, Servipronto has sufficient time to procure new counsel. Servipronto never responded to WA in connection with this information.

00946833.2

13. WA intends to intends to move the Court, at the appropriate time, to fix and attach a charging lien in WA's favor in an amount to be determined by the Court on any judgment or settlement obtained by Servipronto in this action.

14. Upon the Court's request, WA will provide the Court with written communications between Servipronto and WA reflecting the communications between WA and Servipronto discussed in this Declaration.

WHEREFORE, I respectfully request that the Court grant WA's application for withdrawal, and allow Servipronto no less than thirty (30) days from the order granting WA such relief to secure new counsel to represent it in this action.

Dated: January 23, 2017
New York, New York

WILK AUSLANDER LLP

By: _____
Alan D. Zuckerbrod
Scott J. Watnik
1515 Broadway, 43rd Floor
New York, New York 10036
(212) 981-2300

*Attorneys for Plaintiff*
*Servipronto de El Salvador, S.A.*

00946833.2